# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**BETTY T. MOORE, ET AL.**                                                    **PLAINTIFFS**

vs.                                         **CIVIL ACTION NO. 1:09-CV-00133-SA-JAD**

**GREEN TREE SERVICING, LLC; ET AL;**                            **DEFENDANTS**

## PLAINTIFFS' RESPONSE TO DEFENDANTS' CONSOLIDATED MOTION TO COMPEL ARBITRATION

      The Plaintiffs, Betty T. Moore and Jack Moore, by and through counsel, and submit this response to Defendants' consolidated motion to compel arbitration herein in the above styled cause of action.

I.     INTRODUCTION

      1.     Plaintiffs filed a petition to quiet and confirm with other relief against Green Tree Servicing, LLC, Green Tree Loan Company, and Green Tree Credit, LLC[1] (Defendants) in Tishomingo County Chancery Court. Defendants removed.

      2.     Defendants want this court to enforce an "arbitration clause" and pull from ¶9 of the note specific portions of the "arbitration clause" without referring to the other portions of the applicable section.

II.     FACTS

      3.     The first time Plaintiffs (at least since execution) or their attorney has seen the note (attached as Exhibit 2 to the motion to compel arbitration) was upon the filing of said

---

[1]Plaintiff did not know which company was servicing their contract originally made with Conseco. A diligent search proved fruitless and all documents Plaintiff had only refer to "Green Tree".

motion. Significantly the deed of trust which plaintiffs attached to their complaint as Exhibit E contains no such language. In fact said deed of trust provides for "remedies provided by law" (¶14 of said deed of trust). The note was between Betty Moore (one of the plaintiffs) and Conseco (a company no longer in existence)[2] which is referred to as "Lender" in the note. Any successor in interest (i.e. Green Tree) is referred to in the note as "Note Holder".

4. The Life & Disability policy sold to plaintiffs by Conseco (an American Bankers Life Assurance Company policy which was attached to Complaint as Exhibit "G") provides:

> Legal action: No action at law or in equity may be brought:
> 1. before 60 days after we receive proof; or
> 2. after the time for proof required by states jurisdiction

5. The note Defendants rely on provides in ¶9:

> All disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of this arbitration clause or the entire Agreement, shall be resolved by binding arbitration by one arbitrator selected by Lender with Borrower's consent. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY LENDER (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement. Borrower agrees that Borrower shall not have the right to participate as a representative or a member of

---

[2]Green Tree is the successor in interest.

> any class of claimants pertaining to any claim arising from or relating to this Agreement. The parties agree and understand that the arbitrator shall have all powers provided by law and the Agreement. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto the contrary, Lender retains an option to use judicial or non-judicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation or to foreclose on the collateral. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement, shall not constitute a waiver of right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Agreement, including the filing of a counterclaim in a suit brought by Lender pursuant to this provision.

No where does the arbitration clause confer any benefit upon the "Note Holder". Since this is clearly an adhesion contract, it must be construed that no benefit was intended and Green Tree cannot now say it was a party to the arbitration clause.

III.     THE ARBITRATION CLAUSE IS UNCONSCIONABLE.

6.     The note, deed of trust, and insurance contract are clearly adhesion contracts. While not "per se" unenforceable the court should look at such contracts with jaundiced eye.

7.     Taken as a whole, the arbitration clause in the note is unenforceable as to Green Tree and Betty Moore. Green Tree was not the "Lender" and therefore not a party to the arbitration clause. The arbitration language is not emphasized and further allows creditors to pursue "legal remedies" in court including lawsuits. The "arbitration clause" is truly a "you have to arbitrate but we can do what we want" clause. Even if this court were to construe Green Tree as beneficiary of the contract, it should be held unenforceable as unconscionable.

8.     The Defendants note three factors in deciding whether to grant a motion to compel

arbitration: 1. whether there is a written arbitration agreement; 2. whether the claims are within the scope of an arbitration agreement; and 3. whether state or federal law provides a valid defense to arbitration).[3]  Thereafter defendants completely ignored the third factor and proceed with their argument on the first two.  In other words, their position is: it was in the contract, you signed it, it's over.

IV.     CONCLUSION

For the foregoing reasons and as more clearly set forth in the memorandum of law filed in response to the motion to compel arbitration, the plaintiffs' request the court to deny defendants' motion to dismiss or stay action pending arbitration.

                                        Respectfully submitted,

                                        _s/ JOHN R. WHITE_
                                        JOHN R. WHITE, MS BAR #7143
                                        ATTORNEY FOR PLAINTIFFS

JOHN R. WHITE
ATTORNEY AT LAW
123 SOUTH FULTON STREET
IUKA, MISSISSIPPI  38852
(662) 423-3153

---

[3] See paragraph 10 of defendants' consolidation motion to compel arbitration.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the Clerk of Court using the Court's CM/ECF system which sent notification of such filing to the following ECF participants:

        Michael D. Simmons, MSB #9828
        Cosmich, Simmons & Brown, PLLC
        P. O. Box 22626
        Jackson, MS 39225-2626

This the 17th day of July, 2009.


                                                  *s/ JOHN R. WHITE*
                                                  JOHN R. WHITE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**BETTY T. MOORE, ET AL.**                                                  **PLAINTIFFS**

vs.                                            **CIVIL ACTION NO. 1:09-CV-00133-SA-JAD**

**GREEN TREE SERVICING, LLC; ET AL;**                         **DEFENDANTS**

## MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' CONSOLIDATED MOTION TO COMPEL ARBITRATION

COME NOW the Plaintiffs, Betty T. Moore and Jack Moore, by and through counsel, and submit this memorandum brief in support of their response to Defendants' consolidated motion to compel arbitration herein in the above styled cause of action.

## STATEMENT OF THE FACTS

Plaintiffs are the owners of real property located in Tishomingo County, Mississippi. Betty Moore executed a Deed of Trust to Conseco Finance Servicing Corp., in the amount of $29,954.54, dated October 21, 2000, and recorded in Trust Deed Book 267, pages 145-151, on October 27, 2000. As evidenced by the Deed of Trust, the Note between Conseco Finance Servicing Corp. and Betty T. Moore was for the principal amount of $29,954.54, maturing on November 3, 2015. Mrs. Moore's equal monthly payments of $419.03, principal and interest, were to begin on December 3, 2000.

Contemporaneously with her application for the loan from Conseco, Mrs. Moore completed an application for Credit Accident and Health and/or Credit Life Insurance with American Bankers Life Assurance Company of Florida. Subsequently, a policy was issued to

Betty T. Moore in the amount of $29,954.54 which corresponded to the amount of the Deed of Trust. The total premium for this policy was $5,454.54, for a term of eighty-four (84) months of both life and disability coverage. The policy effective date was October 26, 2000.

At some point in time subsequent to Mrs. Moore's loan, the assets of Conseco Finance Corp. were sold to a company called "Green Tree".

Mrs. Moore timely remitted her payment of $419.03 each month to Green Tree at Post Office Box 94710, Palatine, Illinois 60094-4710, pursuant to the Monthly Billing Statement she received.

In April, 2003, Mrs. Moore was rendered disabled and unable to work from degenerative disc disease. Thereafter, on December 21, 2006, after she had remitted approximately seventy-three (73) monthly payments in the amount of $419.03 to Green Tree, Moore filed a claim for disability benefits with Assurant Group, American Bankers Life Assurance Company of Florida.

On January 31, 2007, Bankers Life made a partial claim payment to Green Tree in the amount of $838.06 as payment for Mrs. Moore's disability from April 23, 2003, until June 22, 2003. Following an exchange of requests for additional information and updated medical records, finally on August 16, 2007, Bankers Life accepted her claim for disability and processed it as a continuing claim that would not require additional medical documentation and advised that "we have now paid Ms. White's [sic] creditor current and placed on automatic payments through the policy expiration date November 1, 2007." By that date, Mrs. Moore had made no fewer than eighty-one (81) payments of $419.03 for a total of $33,941.43 toward the loan amount of $29,954.54.

On August 29, 2007, Bankers Life paid to Green Tree $21,091.18, Green Tree applied $6,273.51 to the principal amount and $14,817.67 to "interest". This amounted to and continues

to amount to a prepayment penalty in contradiction to Mississippi law.

Thereafter the plaintiffs filed a suit seeking damages for slander of title and removal of the deed of trust and a request for damages pursuant to Mississippi law. Green Tree removed and filed this motion to compel arbitration relying solely on language in small print contained on the back page of the note executed by Betty Moore. No arbitration language was contained in the deed of trust or the application for life and disability. The entire "arbitration clause" contained in the note is as follows (attached as Exhibit 2 of defendants' motion to compel arbitration)[1]:

> All disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of this arbitration clause or the entire Agreement, shall be resolved by binding arbitration by one arbitrator selected by Lender with Borrower's consent. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY LENDER (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement**.** Borrower agrees that Borrower shall not have the right to participate as a representative or a member of any class of claimants pertaining to any claim arising from or relating to this Agreement. The parties agree and understand that the arbitrator shall have all powers provided by law and the Agreement. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto the contrary, Lender retains an option to use judicial or non-judicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation or to foreclose on the collateral. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for

---

[1] Plaintiffs or Plaintiffs' attorney did not have a copy of the note or notice of any arbitration clause until the filing of defendants' motion.

judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement, shall not constitute a waiver of right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Agreement, including the filing of a counterclaim in a suit brought by Lender pursuant to this provision.

This "arbitration clause" is really a "you have to arbitrate but we can sue if we want to" clause. Even so it only conveys that benefit to the "Lender" not the "Note Holder" (i.e. Green Tree).

## LAW

Admittedly arbitration is a favorite means of resolving disputes. Many federal and states courts have reiterated that position. The fact that the contracts signed by the plaintiffs are adhesion contracts are not enough "per se" to render arbitration clauses unconscionable. However, based on this arbitration clause between Betty Moore and "Lender", the life and disability insurance, the deed of trust and the particular language contained in the note clearly make this an "arbitration clause" which this court should not enforce for the following specific reasons:

    1.    Pursuant to the Note, "Lender" is "Conseco Finance Servicing Corp." (¶1 of Note). "Anyone who takes this Note by transfer" is called "Note Holder" (¶1 of Note). The arbitration clause in ¶9 of the Note is between "Lender" and Betty Moore not any "Note Holder".

    2.    The "arbitration clause" calls for one arbitrator picked by Lender (not a party to this lawsuit).

    3.    The "arbitration clause" is well hidden on the back page of a note with no emphasis added (in fact the emphasis on "NO JURY" draws attention away from the arbitration provisions).

    4.    The "arbitration clause" says the plaintiffs have to arbitrate but the Lender does

not.

        5.        The deed of trust does not call for arbitration.

        6.        The life and disability policy does not call for arbitration.

        7.        Betty Moore made this note with Conseco (i.e. Lender) not Green Tree (i.e. Note Holder).

These factors make the "arbitration clause" between Betty Moore and Lender both procedurally and substantively unconscionable and therefore this Court should not enforce it.

The arbitration clause contained in Exhibit 2 to defendants' motion is clearly one-sided, oppressive, and substantively unconscionable even if this Court were to rule that Green Tree should receive it's benefits. The terms clearly unreasonably favor Green Tree. This violates Mississippi law. In *Pitts v. Wadkins,* 905 So. 2d 553 (Miss. 2005), the court finds that an arbitration clause, which is clearly one-sided and oppressive, which requires one party to arbitrate and allows the other party to pursue a claim in a court a law, to be substantively unconscionable. In effect, what is good for the goose is good for the gander, especially if the goose writes the contract.

## CONCLUSION

The arbitration clause is between Betty Moore and "Lender". Green Tree is identified as "Note Holder". The arbitration clause conveys no benefit to the "Note Holder". As an adhesion contract, clearly when read against the preparer of the document there is no arbitration agreement between Betty Moore and Green Tree. However, if this court finds an arbitration agreement exists, this one is substantively and procedurally unconscionable and should not be enforced for the reasons stated.

Respectfully submitted,


                                         s/ JOHN R. WHITE
                                        JOHN R. WHITE, MS BAR #7143
                                        ATTORNEY FOR PLAINTIFFS

JOHN R. WHITE
ATTORNEY AT LAW
123 SOUTH FULTON STREET
IUKA, MISSISSIPPI  38852
(662) 423-3153


                        CERTIFICATE OF SERVICE

       I hereby certify that I electronically filed the foregoing pleading with the Clerk of Court

using the Court's CM/ECF system which sent notification of such filing to the following ECF

participants:

        Michael D. Simmons, MSB #9828
        Cosmich, Simmons & Brown, PLLC
        P. O. Box 22626
        Jackson, MS 39225-2626

       This the 17th day of July, 2009.

                                         s/ JOHN R. WHITE
                                        JOHN R. WHITE