**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**BETTY T. MOORE, et al.**                                                                    **PLAINTIFFS**

**V.**                                                          **CAUSE NO. 1:09-CV-133-SA-JAD**

**GREEN TREE SERVICING, LLC; et al.**                                        **DEFENDANTS**

## MEMORANDUM OPINION

Currently before the Court is Defendants' Motion to Compel Arbitration [10]. For the reasons stated below, the motion is granted.

## I. BACKGROUND

On April 9, 2009, Plaintiffs filed a Petition to Quiet and Confirm Title in the Chancery Court of Tishomingo County, Mississippi, initiating the present action. Plaintiffs alleged that the proceeds of a disability insurance policy incorrectly were applied to a mortgage held by Defendant Green Tree Servicing, LLC (Green Tree), resulting in a "prepayment penalty" contrary to Mississippi law. Plaintiffs further alleged that the incorrect application of the insurance benefits constitutes a breach of the mortgage contract entitling Plaintiffs to damages.

Defendants removed the action to this Court on May 20, 2009. They subsequently filed their Motion to Compel Arbitration, citing an arbitration provision contained in the note on the underlying debt. In response, Plaintiffs argue that Defendant Green Tree was not a party to the contract which contained the arbitration provision and, therefore, does not have standing to enforce it. Plaintiffs also argue that the arbitration provision is invalid as it is both procedurally and substantively unconscionable.

## II. DISCUSSION

The Federal Arbitration Act (FAA) provides that written provisions for arbitration are "valid,

irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed . . . absent a ground for revocation of the contractual agreement." Dean, Witter, Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985). State law governing contracts may be applied to invalidate an arbitration provision "if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 686-87, 116 S. Ct. 1652, 134 L. Ed. 2d 902 (1996) (quotation omitted). However, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983).

In determining whether a party should be compelled to arbitrate, this Court employs a two-step analysis. Sherer v. Green Tree Servicing, LLC, 548 F.3d 379, 381 (5th Cir. 2008). First, the Court determines if the party has agreed to arbitrate the dispute. Id. The Court then determines whether there is any federal statute or policy which renders the claims nonarbitrable. Id. Neither party argues the presence of a federal statute or policy which would bar arbitration. Therefore, the Court's analysis is limited to the first prong of the analysis.

When determining whether parties have agreed to arbitrate a dispute, the Court considers two issues: (1) whether there is a valid agreement to arbitrate the claims, and (2) whether the dispute in question falls within the scope of that arbitration agreement. Id. In deciding these issues, the Court

2

applies "ordinary state-law principles that govern the formation of contracts." Graves v. BP Am. Inc., 568 F.3d 221, 222 (5th Cir. 2009).

Plaintiffs argue that Defendant Green Tree was not a party to the contract which contained the arbitration provision and does not have standing to enforce it. Plaintiffs also contend that the arbitration agreement is invalid because it is both procedurally and substantively unconscionable.

### A. *Standing*

Plaintiffs first argue that Green Tree does not have standing to enforce the arbitration clause because the note describes the "Lender" as Conseco Finance Servicing Corp. (Conseco). In response, Defendants have provided documents from the Delaware Secretary of State's office which conclusively establish that Conseco converted to a limited liability company and changed its name to Green Tree Servicing LLC. Therefore, Green Tree has standing to enforce the arbitration clause, as it is a successor in interest to Conseco, a signatory to the agreement.

### B. *Unconscionability*

The Mississippi Supreme Court has defined "unconscionable" as "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." Covenant Health & Rehab. of Picayune, LP v. Moulds, 14 So. 3d 695, 699 (Miss. 2009) (quotation omitted); see also Cleveland v. Mann, 942 So. 2d 108, 114 (Miss. 2006). A contract provision may be either procedurally or substantively unconscionable. Moulds, 14 So. 3d at 699.

#### 1. *Procedural Unconscionability*

"Procedural unconscionability looks beyond the substantive terms which specifically define a contract and focuses on the circumstances surrounding a contract's formation." Cleveland, 942

So. 2d at 114 (quoting Vicksburg Partners, L.P. v. Stephens, 911 So. 2d 507, 517 (Miss. 2005)). "Procedural unconscionability may be proved by showing a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms." Id. (quoting East Ford, Inc. v. Taylor, 826 So. 2d 709, 714 (Miss. 2002)).

Plaintiffs argue that the arbitration provision is procedurally unconscionable because it is "well hidden on the back page of a note with no emphasis added." Plaintiffs further describe the arbitration provision as being in "small print." Plaintiffs do not allege that they were unaware of the arbitration provision at the time they executed the contract.

The note is comprised of two pages, and its sections are divided into twelve numbered paragraphs. Each paragraph is labeled in bold print and all capital letters. The arbitration provision is labeled "**9. ARBITRATION**." The text of the arbitration provision is the same size as the text of the other provisions of the note. A sentence in the middle of the arbitration provision is emphasized in the same manner as the paragraph's title: "**THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY LENDER (AS PROVIDED HEREIN).**"[1] Finally, the Court notes that Plaintiff

---

[1] The arbitration provision provides, in full:

**9. ARBITRATION**

All disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of this arbitration clause or the entire Agreement, shall be resolved by binding arbitration by one arbitrator selected by Lender with Borrower's consent. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the

Betty Moore initialed the first page of the note, and signed the second page of the note. See Cleveland, 942 So. 2d at 115-16 (plaintiff who signed the first page of an agreement and initialed beside each term on second page could not escape agreement simply by stating he did not understand the agreement's terms).

Plaintiffs' description of the arbitration provision as "well-hidden" is inaccurate. The arbitration provision was not only clearly labeled with a paragraph title in all capital letters and bold print, but it also contained an entire sentence in capital letters and bold print, drawing attention to

---

United States Code. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. **THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY LENDER (AS PROVIDED HEREIN)**. The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement. Borrower agrees that Borrower shall not have the right to participate as a representative or a member of any class of claimants pertaining to any claim arising from or relating to the Agreement. The parties agree and understand that the arbitrator shall have all powers provided by law and the Agreement. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto the contrary, Lender retains an option to use judicial or non-judicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation or to foreclose on the collateral. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement, shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Agreement, including the filing of a counterclaim in a suit brought by Lender pursuant to this provision.

the fact that the parties to the contract waived their right to a jury trial.[2] The arbitration provision is no less conspicuous than any other provision of the contract, therefore it is not procedurally unconscionable. See Casarotto, 517 U.S. at 687-88, 116 S. Ct. 1652 (preempting state law providing special notice requirement for arbitration provisions that was not applicable to contracts generally); Carson v. Higbee Co., 149 Fed. Appx. 289, 294 (5th Cir. 2005) (arbitration provision same font size and in different type than rest of form was not procedurally unconscionable); MS Credit Center, Inc. v. Horton, 926 So. 2d 167, 178 (Miss. 2006) (arbitration agreement was at least as open and obvious as other contractual provisions and therefore not procedurally unconscionable for reason of inconspicuous print).

    *2.       Substantive Unconscionability*

To determine whether a contract is substantively unconscionable under Mississippi law, the Court must "look within the four corners of an agreement in order to discover any abuses relating to the specific terms which violate the expectations of, or cause gross disparity between, the contracting parties." Moulds, 14 So. 3d at 699. "Substantive unconscionability is proven by oppressive contract terms such that there is a one-sided agreement whereby one party is deprived of all the benefits of the agreement or left without a remedy for another party's nonperformance or breach." Id. at 699-700 (internal quotation omitted). "Substantively unconscionable clauses have

---

    [2]Only two paragraphs in the document contained sentences highlighted in such a manner - the arbitration provision and the balloon payment disclosure. Plaintiffs also argue that the highlighted sentence purportedly draws attention away from the fact that the clause is an arbitration clause by including the words "jury trial." The Court finds no merit in this argument. The highlighted sentence in the arbitration clearly states that the signatories to the agreement "knowingly and voluntarily waive any right they have to a jury trial, either pursuant to arbitration under this clause or pursuant to a court action by lender." The highlighted sentence explicitly states that the clause is an arbitration clause.

been held to include waiver of choice of forum and waiver of certain remedies." Pitts v. Watkins, 905 So. 2d 553, 555 (Miss. 2005) (quoting East Ford, Inc., 826 So. 2d at 711).

Plaintiffs argue that the arbitration clause at issue is substantively unconscionable because (1) it requires the Plaintiffs to arbitrate but does not require the same of Green Tree, (2) it allows Green Tree to choose the arbitrator, and (3) it is a contract of adhesion.

First, the Court notes that under the terms of the arbitration provision, Green Tree may pursue an action in court to enforce its rights under the contract, while Plaintiffs are limited to arbitration. The contract provides:

> All disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of this arbitration clause or the entire Agreement, shall be resolved by binding arbitration by one arbitrator selected by Lender with Borrower's consent . . . Notwithstanding anything hereunto the contrary, Lender retains an option to use judicial or non-judicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation or to foreclose on the collateral. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement, shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Agreement, including the filing of a counterclaim in a suit brought by Lender pursuant to this provision.

Plaintiffs argue that the above provision is substantively unconscionable under Mississippi law, citing Pitts v. Watkins, 905 So. 2d 553 (Miss. 2005).

In Pitts, the Mississippi Supreme Court held that the arbitration clause of a home inspection agreement was substantively unconscionable. Id. at 554. The court noted, "The arbitration clause provides an avenue for Watkins to pursue his claims in a court of law, while requiring the Pittses to arbitrate." Id. The court concluded:

> These terms unreasonably favor Watkins. The language included in the clause . . .

7

maintains Watkins's ability to pursue a breach by Pitts in a court of law, while Pitts is required to arbitrate any alleged breach by Watkins. This arbitration clause is clearly one-sided, oppressive, and, therefore, substantively unconscionable.

Id. at 556. The Court went on to explain that the contract also contained a limitation of liability clause that was unconscionable, as it limited the prospective home buyers to $265.00 in damages, even though they alleged that the inspector's negligence caused them to incur $30,000.00 to $40,000.00 in damages. Id. at 556. The limitation of liability clause also barred recovery of compensatory damages, which merits strict scrutiny under Mississippi law. Id. (citing Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc., 857 So. 2d 748, 754 (Miss. 2003)). Finally, the contract attempted to set a statute of limitations shorter than the three-year statute of limitations provided by statute, which cannot be altered by contract. Id. at 558 (citing MISS. CODE ANN. § 15-1-5 (Rev. 2003)). Therefore, the court held that all three provisions were unenforceable. Id. at 558.

The Mississippi Supreme Court has discussed the Pitts opinion in subsequent decisions. See Stephens, 911 So. 2d at 525; Fradella v. Seaberry, 952 So. 2d 165, 172 (Miss. 2007). In Stephens, the Mississippi Supreme Court explained:

> We have considered our recent decision in *Pitts v. Watkins*, 905 So. 2d 553 (Miss. 2005), and find that this case is clearly distinguishable. In *Pitts*, we were confronted with a contract which, inter alia, (1) allowed one party to the contract to go to court to recover damages, while the other party was limited to arbitration, (2) attempted to shorten the statute of limitations, and (3) limited the amount of damages one of the parties could otherwise recover as a matter of law. The language in the arbitration clause in today's case pales in comparison to the oppressive language contained in the arbitration clause in *Pitts*.

Stephens, 911 So. 2d at 525 (internal citation omitted). Likewise, the court stated in Fradella:

> We quickly dispatch with the unconscionability argument, finding, inter alia, that this case is clearly distinguishable from *Pitts v. Watkins*, 905 So. 2d 553 (Miss. 2005), in which this Court found substantive unconscionability to be present in a termite contract dispute because (1) one party retained the right to pursue remedies in court, while the other party was limited to arbitration; (2) a limitation of liability provision

had the practical effect of being extremely one-sided; and (3) a limitations period shortened the statutory period for commencement of any action for remedies.

Fradella, 952 So. 2d at 172. Therefore, it appears to this Court that the Mississippi Supreme Court has interpreted Pitts as holding that the combination of the three provisions discussed therein prompted the finding of substantive unconscionability, rather than each clause being sufficient in and of itself to merit a finding of substantive unconscionability.[3]

The federal courts of this state have consistently held that "mutuality of obligation is not required for a contract to be enforceable and that an arbitration clause is not unenforceable solely because it is one-sided." Griffin v. Abn Amro Mortgage Group, Inc., 2009 U.S. Dist. LEXIS 13883, *5-*6 (N.D. Miss. Feb. 6, 2009) (quoting Family Fin. Servs., Inc. v. Fairley, 173 F. Supp. 2d 565,

---

[3]In the context of nursing home admissions agreements, Mississippi courts have held that arbitration provisions which allow one party to bring suit in court while requiring the opposing party to submit to arbitration are unconscionable. See Covenant Health Rehab of Picayune, L.P. v. Brown, 949 So. 2d 732, 739 (Miss. 2007) (grievance resolution process which allowed nursing home to bring suit in court for payment issues but prohibited resident from bringing suit in court on any grounds was unconscionable), *overruled on other grounds by* Moulds, 14 So. 3d at 706; Covenant Health & Rehab. of Picayune, LP v. Moulds, 14 So. 3d 736, 742-43 (Miss. Ct. App. 2008) (holding that grievance resolution process provisions were unconscionable pursuant to precedent addressing the same contract) (citing Brown, 949 So. 2d at 737-41), *overruled on other grounds by* Moulds, 14 So. 3d at 706; Covenant Health & Rehab. of Picayune, LP v. Lumpkin, 2008 Miss. App. LEXIS 86, *14-*15 (Miss. Ct. App. Feb. 5, 2008) (holding that grievance resolution process provisions were unconscionable pursuant to precedent addressing the same contract) (citing Brown, 949 So. 2d at 737-41); Trinity Mission of Clinton, LLC v. Barber, 988 So. 2d 910, 922 (Miss. Ct. App. 2007) (sections of nursing home admissions agreement which allowed defendant to bring suit in court for matters regarding payment for services but required all other disputes to be brought in accordance with a grievance resolution process was substantively unconscionable). However, the Court is wary of applying the nursing home caselaw to the case *sub judice*. The nursing home cases involved lengthy and complex admissions agreements which prospective residents were required to sign in order to receive medical care. Further, many of the cases involved the same agreement, which included a litany of provisions which the Mississippi Supreme Court has found unconscionable over the course of several cases, culminating in a recent decision invalidating the entire agreement. Moulds, 14 So. 3d at 706.

9

572 (S.D. Miss. 2001)); see also Shelley v. Coldwell Banker Real Estate Corp., 2006 U.S. Dist. LEXIS 28751, *4-*5 (N.D. Miss. May 11, 2006) (citing McKenzie Check Advance of Miss., LLC v. Hardy, 866 So. 2d 446, 453 (Miss. 2004)). In fact, the language of the arbitration provision in the case *sub judice* is quite similar to the language of an arbitration provision that the United States District Court for the Southern District of Mississippi ruled was not substantively unconscionable. Pridgen v. Green Tree Fin. Servicing Corp., 88 F. Supp. 2d 655, 658-59 (S.D. Miss. 2000) (citing Clinton Serv. Co. v. Thornton, 100 So. 2d 863, 866 (Miss. 1958)).

In Anding, the court was presented with an arbitration provision similar to the one *sub judice*, in which one party was required to arbitrate all claims while the other was allowed to pursue certain claims in court. New South Fed. Savings Bank v. Anding, 414 F. Supp. 2d 636, 643 (S.D. Miss. 2005). The court noted that an arbitration provision is not unenforceable merely because it is one-sided. Id. "[M]utuality of obligation is not required under Mississippi law for a contract to be enforceable, as long as the underlying contract was supported by consideration." Id. (citing Pridgen, 88 F. Supp. 2d at 659). Further, "[u]nder Mississippi law, any mutual promises, such as mutual promises to arbitrate certain claims, constitute consideration." Id. (citing Hardy, 866 So. 2d at 452). In the present case, Defendants have only retained their ability to pursue certain types of actions in court; they must arbitrate any other dispute relating to the contract. Further, Defendant provided consideration in support of the underlying contract (the note) in the form of a loan to Plaintiff.

Therefore, in accordance with the decisions of the federal courts of this state and the Mississippi Supreme Court's interpretations of Pitts, the Court holds that the arbitration provision is not substantively unconscionable due to a lack of mutual obligation.

Plaintiffs also argue that the arbitration provision is substantively unconscionable because it provides that the Defendants shall choose the arbitrator. However, the provision allows for "one arbitrator selected by Lender with Borrower's consent." Therefore, as the Defendants must have Plaintiffs' consent as to their selection, this argument has no merit.

Finally, Plaintiffs argue that the arbitration provision is substantively unconscionable because it is a contract of adhesion. "Contracts of adhesion are those that are 'drafted unilaterally by the dominant party and then presented on a take-it-or-leave-it basis to the weaker party who has no real opportunity to bargain about its terms.'" Moulds, 14 So. 3d at 701 (quoting East Ford, Inc., 826 So. 2d at 716). A finding that a contract is one of adhesion does not necessarily mean that the contract or any provision therein is substantively unconscionable. Id.; Carson, 149 Fed. Appx. at 294. "However, such a finding 'makes an argument targeting a provision for a substantive unconscionability review easier to prove." Moulds, 14 So. 3d at 701.

In the present case, the Plaintiffs have not alleged that they are a "weaker party . . . prevented by market factors, timing or other pressures from being able to contract with another party on more favorable terms or to refrain from contracting at all." East Ford, Inc., 826 So. 2d at 716; see also Bell v. Koch Foods of Miss., LLC, 2009 U.S. Dist. LEXIS 38003, *21 (S.D. Miss. May 5, 2009) (where plaintiffs presented no evidence that they were prevented from contracting with a different party or from refraining from contracting at all, court declined to hold that contract was one of adhesion); Horton, 926 So. 2d at 178 (where party failed to present evidence that she did not voluntarily enter a contract, court declined to hold that it was an adhesion contract). Rather, Plaintiffs simply state that this was a contract of adhesion without providing any factual support. Therefore, the Court must reject Plaintiffs' contention that this was an adhesion contract.

11

## III. CONCLUSION

For the reasons stated above, the Court grants Defendants' Motion to Compel Arbitration.

An order consistent with this opinion shall issue on this the 19th day of November, 2009.

                                                  **/s/ Sharion Aycock**
                                                  **U.S. DISTRICT JUDGE**